Case 25-5015, United States of America v. Stacy Owens, argument not to exceed 15 minutes per side. Counsel, you may proceed for the appellant when ready. May it please the court, Assistant Federal Public Defender Will Allensworth on behalf of Stacy Owens. I'd like to reserve three minutes. It's my first time at the Sixth Circuit. Thank you for having me. Oh, yeah. Welcome. Ms. Owens' sentence is procedurally unreasonable because the district court, without any explanation or analysis, erroneously found that her act of contempt was a felony and therefore calculated her offense level under Section 2X5.1, which by its terms applies only to felonies. The central issue in this case is how to classify Ms. Owens' act of contempt and how, based on that classification, the U.S. Sentencing Guidelines apply to her case. We are asking the court to adopt the Eleventh Circuit's analysis from U.S. v. Cone and hold that contempt is sui generis and neither misdemeanor nor felony. We are asking the court to hold it because contempt is not a felony that 2X5.1 does not apply. The district court's application of 2X5.1 was error because that provision applies only to felonies, to vacate the Eleventh Month of Sentence, and to resentence Ms. Owens to time served. Well, I mean, the sui generis idea, I'm not really sure what that does here other than result in the court simply doing a straight up 3553A analysis, which frankly, I think Judge Crenshaw did. I know that you think it was inadequate, but we look at these things in the context, particularly with a district judge who has a previous sentencing hearing with a defendant, which obviously Judge Crenshaw did earlier the same year. If you look at the totality of that, I think you see a very thoughtful and aware, informed about her particular circumstances analysis of the reasons, not only for the earlier sentence, but also in context for the sentence in this case. I mean, I'm not sure, well, I don't see the obvious, some deficiency in the sufficiency of his 3553A discussion in the context of the case as a whole, just to be candid. I want to give you a chance to speak to that.  Even if the court, I mean, he clearly did consider 3553A, but he did so after having calculated her guideline range. No, I get that. 2X5.1 by way of 2J1.1, analogizing the offense to failure to appear and applying the failure to appear guideline. It's the fact that he's erroneously calculated the guideline range and then is giving her a sentence at the top of that range that makes this sentence procedural. So you think the range should have been six months under that note for whichever the second guideline you look at? The note that says if it's a class A misdemeanor, it's six months, right? You think it's a class, or what is sui generis, what's the output of sui generis for purposes of the sentencing guideline calculation? I think that you were correct when you said that that would make it just a pure 3553A. So you think it ought to be just a straight up 35, like old school? That is what I'm saying. Can I ask, in the 11th Circuit, did they look at the guidelines at all when they sentenced for criminal contempt now after that case, or did they just do old school way? I can't cite specific district court opinions, but Cone is still controlling law in the 11th Circuit, so I believe that they're not applying the guidelines. So they just ignore the guidelines? I think that they treat it as a 3553A analysis, yeah. In that case? Well, I'm sorry to interrupt. In Cone, if you footnote six of that opinion, it addresses the 2X5.1 issue. So it says in the body of the opinion, they say that the district court's finding that contempt is always a class A felony was error, and that because contempt is a sui generis offense, citing back to Green and Schaff and Frank, these Warren Court era contempt cases dealing with the jury trial, right? But then in footnote six, they say specifically because the court misclassified the contempt as a felony, it was error to apply 2X5.1, because that section by its terms applies only to felony offenses. So what does it do? I think if I'm understanding Judge Nalbandian's question correctly, what happens then? Are we done with the guidelines? I mean, what did they do? Are they done with the guidelines, or do you go to the note in 2X, the second one, 2X5.1, I think it is? 2X5.1. Yeah, thank you. There's a note there that says if it's a class A misdemeanor, then it's six months.  Okay, okay. 2X5.1, other felony offenses, says that if the offense is a felony for which no guideline expressly has been promulgated, apply the most analogous offense guideline. So basically the same approach that the Ninth Circuit adopted. There's a note 3 to 2X5.1 that says, I don't know why this is in 2X5.1's notes, but it says application of 2X5.2, if it's a class A misdemeanor, it's not referenced in Appendix A, apply 2X5.2, which says six. I think the overall scheme is this. If an offense is a felony that's not otherwise addressed in the provision of Chapter 2, then courts are supposed to find the most analogous offense that is covered, and if there isn't one, then do a pure 35-53 analysis. So I think your position is clear. You're not saying it should be six. You're not saying it's a class A misdemeanor. You're just saying it's sui generis, and it's pre-guidelines, basically. That's correct. I mean, if the court found it's an A misdemeanor, then 2X5.2 would apply. It's not the reality that failure to report is a separate crime, and it would be a felony in her case because of her underlying charges, right? Why do we ignore the reality of that? I mean, this is a felony. I mean, what she did was a felony. Conduct was flawed. She wasn't indicted for a felony. She wasn't charged with a felony. Well, I understand that, but I mean, the reality is that's what it is. I mean, not only is it analogous, it literally would apply, right? We don't need an analogy. That's what she did. I think that it is possible that the government could have indicted her for failure to report, but I think just because somebody could potentially have been charged with a more serious offense doesn't mean that they have to be punished for something in excess of what the charged offense carries. Well, I mean, correct me if I'm wrong, though. If she had been charged with failure to appear under that section of the code, I bet her guideline range would be higher than 6 to 12 months. I don't believe so. I mean, I think her guideline range would have been covered by 2J1.6. That's ultimately what the district court applied here. It was, I mean, there's a chain of sections, 2J1.1 to 2X5.1 to 2J1.6. Well, he used that as the most analogous guideline, right? He did. Based on that, he calculated their base offense level as 11, gave her a two-level reduction for acceptance of responsibility, criminal history category 2, guideline range of 6 to 12 months. So is there any difference? Okay, you're correct. Yes. Okay. Okay. It's the same as if she had been indicted for the 3146 or whatever. Yes. That's how the scheme works, and I think that would be how it worked if the court adopted, say, the Ninth Circuit's approach from Carpenter and Blanchard. I mean, to build on Judge Nalbandian's question, if we look at this, 2J1 says, well, go to 2X5.1, and we go there, and it just doesn't speak to our situation, really. It seems to me that the guidelines themselves do not tell us whether contempt is a felony. Like the contempt statute itself is an enigma, 401, okay? It's just, and the idea that misbehavior, which is two-thirds of the stuff that is contemptuous in there, that that's always a felony, I think you have a very strong point that that can't be right, okay? But the contempt statute itself is singularly unhelpful in determining whether contempt is a felony or not. It seems like you can't do it categorically. And so it's either sui generis, which I don't really know what the, that's like a determination not to determine what this thing is, or why wouldn't we just look at this as a practical matter and say, it's basically what Judge Nelvandian said, say, look at the conduct that was contemptuous in this case, and looking at the U.S. Code, is that conduct more akin to conduct that's a felony, or is it more akin to conduct that's a misdemeanor? Somebody's cell phone going off for the fourth time in trial, and the judge snaps. You know, that's, you know, that's not something. I mean, the code would confirm our intuition that that's not a felony. But here, the code would suggest, if we look to the code for guidance about how to classify, because we don't have guidance anywhere else, by analogy, I mean, we have an analogy that's dead on that's a felony, why shouldn't we do that? That would involve adopting the Ninth Circuit's approach, I think. I mean, regardless of which circuit did what. I mean, why doesn't that hang together pretty well? I think in a case where the act of contempt could be separately charged under a different provision of the code, you know, that is one option that a court would have. I think that that would not solve the problem of determining the class of offense in situations where the act of contempt is not otherwise criminal, is a substantive offense under a different part of the code. I mean, so just so I'm tracking you, like, what would that, what's an example of that? Of a. Not otherwise criminal. That's not otherwise criminal. Yeah, because then. I would think, say, the U.S. v. Prince, one of the Sixth Circuit, unreported Sixth Circuit cases that we cite in the brief, that was a man who had taken a photograph in a courtroom, despite having been told by a U.S. martyr. I see. Not to do that. That was criminal contempt? Yeah. Wow. Well, and if. All right, so that's obviously not a felony. What? Oh, I know. I get it. I get it. But so, I mean, but that would seem to fit. That would seem to almost, like, confirm that this is at least a sensible way of making the felony, because obviously that's not a felony. We'd say, look, there's nothing in the U.S. Code that's a felony that remotely resembles this. It's not a felony. And we just go from there. Maybe it's not even a Class A misdemeanor. It's some, you know, lower class. I understand what you're saying. I think the problem in situations like this is determining what is an analogous offense. Not in this case. I think in this case, she could have been prosecuted for failure to appear, but I think in a majority of cases, determining whether or not an act of contempt is sufficiently analogous to an actual codified offense, I think is going to be extremely difficult. I mean, that kind of classification, it begs the question of how many elements have to be present in order for the contempt to be close enough that you can use the, you know, the crime that the person might have been charged with as a basis for determining the  Or, you know, it could be, when in doubt, called a misdemeanor, too. That would work for me in this particular case. But it might not help your client so much in this case. Well, when in, I mean, we don't know what would have happened if the government had actually indicted her with failure to appear. Yeah. What was an affirmative defense to failure to appear in subsection C that she might have invoked had that been the case? What was that affirmative defense? The affirmative defense is if somebody has, if there are unavoidable circumstances that causes the person to failure to surrender on the date mandated by the court, and then ultimately does voluntarily surrender. I mean, she could have made that case to a jury in this very contempt proceeding. She chose not to go in front of a jury. I mean, Judge Crenshaw himself was, quote, skeptical about her explanation. But, I mean, she could have offered that as a defense, I guess, right? It's been out in a lot of different counterfactuals. In this particular case, yes, she pled open. And our position is that it was error for the court to classify the offense as a felony. Okay. Calculator guideline. Well, I appreciate your very clear, straightforward answers. Any questions at this point? All right. You'll have your rebuttal. We'll hear from the government. Good morning, Your Honors. May it please the court. Nick Golden on behalf of the United States. I'd like to start with the guidelines question that the court has been talking about. And I think as the court has teased out in the first part of this discussion, the question of whether this is a felony or a misdemeanor is not something the court has to resolve in order to resolve this case. And that is because the district court correctly applied Section 2X5.1 of the guidelines, regardless of how this felony is called. I mean, Mr. Allensworth says that's not true because it wasn't a felony. The first words of that guideline are if this thing is a felony. If the offense is a felony, right? Yes, Your Honor, and a few points about that. So that condition must be met for the rest of this to follow. I would disagree, Your Honor. The beginning of that language is if the offense is a felony for which no guideline expressly has been promulgated. And so if you look at the next part of that language, for which no guideline expressly has been promulgated, that's never going to be true of a Section 401 contempt offense because there is a guideline. There's 2J1.1. And 2J, I mean, I, 2J1.1 says we've got nothing to say and go try to find something analogous. All that's, that is not, I have to think that when it's saying if there's not a guideline that's been promulgated, it's talking about a guideline that gives us a base offense level as opposed to a guideline that says, you know, there's nobody home here, go somewhere else. Well, let me, let me, let me see if I can come at it this way, Your Honor. If, if it's correct that under 2X5.1 felony contempts go to, go to 2X5.1 and class A misdemeanor contempts go to 2X5.2, then 2J1.1 is not doing anything. Right. Because that's the state of the world without 2J1.1. So I think the court has to, I think the court should not treat 2J1.1 as just pure surpluses, surpluses. No, it's telling us to make a determination whether it's a felony. Just, I mean, like the guidelines isn't the, you know, entire legal universe here. I mean, that's what, it's like we can get out of the guidelines and use other means to determine, make a determination that is relevant for the guidelines. Well, Your Honor, if the Sentencing Commission just wanted the court to make a determination of whether a particular contempt is a felony or a misdemeanor, it didn't need to add 2J1.1. 2X, 2X5.1 and 2X5.2 would do that already. Okay. Well, I understand your argument. But why, I guess they could have, but they chose another path, which was to explicitly say go to 2X5.1. Exactly. And you're saying that means it has to be, contempt has to be a felony? I think that, I think that. Why would they point to something that has the first word is if this is a felony? Because it's, because it's if it's a felony for which no guideline expressly has been promulgated. I think that language is intending to bring in other felonies that may be out there that the Sentencing Commission never wrote a guideline about. And so you need to figure out, do we, you know, where, what do we do with these? Okay, 2X5.1 says we take them into 2X5.1. But. We need a base offense level somewhere in here. You know, unless we're going to go to 3553A and just do that. All right. And it seems to me, and this is basically my last point of interest on this particular thing. That 2J1.1 is just, they've already got a provision in the guidelines for other felony offenses where it's not giving us a base offense level. And 2J1.1 is just simply saying, okay, this is one of these where we're not giving a base offense level for this offense. So go see our catch-all provision. We're not going to repeat it 30 times in the guidelines. And here we are. And it tells us what to do. But it doesn't give us a base offense level. So, well, it tells us how to figure one out. But 2J1, I just, I don't see 2J1 as meeting the condition here. I understand Your Honor's point. I mean, the commentary to 2J1.1 explains that the reason why they want to send it, send contempt offenses to 2X5.1 to look for an analogous offense is because the commission recognized there is a broad range of contemptuous conduct. And so they don't want to just say, you know, there's one guideline. There's one base offense level for it all. So they send it to 2X5.1 to look for the most analogous offense. But if some contempts were routed to 2X5.2 because they're class A misdemeanors, then all of those would just get a flat base offense level of 6. And that doesn't seem consistent with what the sentencing commission is trying to do of providing, you know, providing nuance. I thought, though, you're arguing that contempt is always a felony. Am I misunderstanding? Your Honor, we have argued that. But my point is just that the court doesn't need to reach that. If the court concludes that 2X5.1 applies regardless of how to classify the contempt offense, then the court doesn't need to decide whether it's a misdemeanor or a felony. Okay. But what if we don't so conclude? What if we don't accept the argument you're making that there is an express guideline for contempt? If the court concludes that it needs to classify the offense as a felony or misdemeanor. If we conclude that we need to figure out whether this is a felony. Yes, Your Honor. And let's further just hypothetically say we do not think contempt is always a felony. What do you think we ought to do then? I think the suggestion, Your Honor, was making to my friend is a sensible one. If the court is inclined to disagree with the First Circuit's approach, then I think that for purposes of this case, the court could just say this is analogous to a, very analogous to a failure to appear, and that's plainly a felony. And that would work for purposes of this case. And the court doesn't need to go beyond that. So, I mean, though, then we're giving no significance to the decision to charge this as criminal contempt rather than as failure to appear under that provision of the code. Right? It's just as a sentencing matter, I mean, it's got the same guideline range that she would have if she had a, I don't know the code section for failure to appear offhand. But if the government had brought the usual kind of prosecution for failure to appear, then, I mean, the sentencing proceeding looks identical. That's right, Your Honor. Should that give us pause because, I don't know, these, you know, criminal contempt, it's just, I don't know, it kind of feels different, you know. And is it okay that it just doesn't even matter from a sentencing standpoint which one? I think it is okay. I think it's a product of the Sentencing Commission's determination to refer the court to the most analogous offense guidelines. So the Sentencing Commission has said, you know, for guidelines purposes, treat this as if it's, as if it's the most analogous offense, which here is failure to appear. You know, for some reason, we really don't have to deal with the classification issue. And it's a really interesting argument. And we just looked at 3553A, just for purposes of argument. The claim here is that Judge Crenshaw really just focused too much on general deterrence. And it seemed to me that if I'm right, maybe you could let me know that the judge also focused on other things. Mitigating circumstances, family, specific deterrence, things of that nature. So under 3553A, I assume you would agree that in context and in whole, the sentencing for this particular crime was sufficient under 30, under A. Yes, Your Honor, I would absolutely agree. Judge Crenshaw, he did, he did place, you know, significant weight on general deterrence for reasons that he explained. But he also went through extensively the mitigating factors here. He was clear that he was aware of the defendant's family situation and had taken that into account both at her prior sentencing and in this one. Sure did. I've never seen a variance that big. And it's not a criticism in the slightest of Judge Crenshaw for the original sentencing. Yes, Your Honor. So to answer your question, Judge Cole, yes, I think, I think that Judge Crenshaw's 3553A analysis was robust, as Judge Kethledge was pointing out earlier. And certainly, if the guidelines calculation is correct, as we've argued, it's presumptively reasonable as well. Yeah, I mean, I understand, I mean, I guess we all do that, you know, where the government has recommended a four-month, you know, understandably. I mean, she wanted 30 months, the government said four, but Judge Crenshaw had his reasons to impose 11 months. Yes, Your Honor, I'd agree with that. And district courts do typically get quite a bit of discretion in this area. As this court has noted, it's, you know, a matter of reason discretion, not math. And so we don't think that he abused his discretion. And it's a court decision, not the parties. Correct, that's correct. It's not an 11C case. No, that's right. That's right. So, I mean, I guess the difference is that the court chose to bring the prosecution here. That's the difference between this and a charge under the failure to appear section. That is correct, Your Honor. Yeah, I think from a guidelines perspective and the way that the sentencing hearing played out, I think that, I don't think there would have been a difference if this had been an indictment for failure to appear as opposed to the court initiating contempt proceedings. I think that's right. To follow up on Judge Cole's question and not to, you know, sort of try to undermine it by any means. I'll go right ahead. I mean, if we thought the district judge's guidelines calculation was wrong, we'd have to send it back as procedurally unreasonable, don't we? Or, I mean, just remind, you do this all day long. Or is there a harmlessness determination? Your Honor, there is a harmlessness determination. But we haven't argued that here. And usually, this court looks for some kind of statement by the district judge that I would have, regardless of the guidelines calculation, I would have imposed the same sentence. And that was not present. Okay. I appreciate that. If the court has further questions. All right. All right. We'd ask that judgment be affirmed. Thank you. Thank you. I'd like to revisit one point that the government was making a moment ago and makes in its brief about the idea that the court would be right in applying 2X5.1 regardless of whether or not the act of contempt is a felony or a misdemeanor or a sui generis offense. I mean, the language of 2X5.1 is if the offense is a felony. And I think the government's position about this is that 2J1.1 basically nullifies that language. And because. Well, I mean, there is a restrictive clause for which no guideline expressly has been promulgated. So it's narrowing the types of felonies that it's referring to. But, I mean, you know. But it's referring exclusively to felonies. I mean, if it wasn't. A certain subset of felonies. Well, if it wasn't a felony, if it was a misdemeanor, then it would be 2X5.2 and the base offense level would be. It's not referring to all felonies, is my point. It's referring to a certain subset of felonies, namely those for which no guideline expressly has been promulgated. It's not every felony in the United States. Even if that's correct, I don't see how that means that it applies to non-felonies. I think 2X5.1. I mean, I'm not. Yeah. I get your point. It has to be a felony for that to apply. I get your point. And I'm not aware of any kind of analogous scenario where a court would ignore part of the language of one of the requirements stated in a section of the guidelines and then apply others. You know, I think that this only applies to felonies. And I think you're right. That determination that it's a felony has to be made before the court can go down this path. Well, I think Mr. Golden is saying, he's not ignoring it. He's saying it's addressed by 2J1.1. But, you know, we had that conversation. If you want to rehash that. I'd like to move on briefly to the, I think, constitutional implications of the government's argument that contempt is always a class A felony. Can I ask you a different question?  Do you think there's any import for sentencing purposes to the distinction between the criminal contempt prosecution here and a failure to appear prosecution that the government otherwise could have brought? In other words, is there any sentencing significance? And I'm not implying there is, in your view, to the fact that the district court made the decision to prosecute here rather than the executive branch as it usually does. I think it's significant in as much as if she had been indicted for failure to appear, then 2J1.6 would properly be applied. And I think the guideline range here would be correct if that's how it had been charged. I think what makes this error is the fact that she was not indicted. She was charged by the judge with contempt.  Yeah, it's a grand jury, I guess, that was. The grand jury, actually, you can be indicted for contempt. It's not required under Rule 7. Actually, yeah, Rule 7 doesn't require. It's uncomp. It can be. Yeah, right, yeah. I think that what makes this error is the fact that she was not indicted for failure to appear and that 2X5.1 just does not apply to contempt. It doesn't at least apply to non-felony contempt. All right, why don't you take 30 seconds and wind up your argument. I would just also like to briefly observe that if the court were to find that contempt is always a Class A felony, that would basically, I mean, that would conflict with the U.S. Supreme Court's holdings that the grand jury right does not apply to contempt charges. It's always a Class A felony. You would think that you would just, the infamous crimes provision of the Fifth Amendment would have to apply. You know, okay. Is there anything else you want to add? That is all I have. All right, thank you both for your arguments this morning. Appreciate it. We're going to think carefully. It's an interesting, difficult case, and we'll think carefully about it. Case will be submitted.